UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

XAVIER DELUNA,

                    Plaintiff,

          v.                                    CAUSE NO. 3:20-CV-197-DRL-MGG

JOHN GALIPO *et al.*,

                    Defendants.

OPINION & ORDER

Xavier DeLuna, a prisoner at the Westville Correctional Facility proceeding without a lawyer, alleges that he was denied a mattress for just over twenty-four hours. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized

measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834.

Here, Mr. DeLuna alleges that he went to recreation around 10:30 a.m. on February 13, 2020, and when he returned around 1:30 p.m. his mattress was missing. He asked for another mattress, but he didn't receive one until approximately 2:00 p.m. the next day. While a lack of bedding for more than a week may amount to an Eighth Amendment violation, *see Townsend v. Cooper,* 759 F.3d 678, 687 (7th Cir. 2014*)*, the sort of short-term deprivation described here is not sufficiently serious to implicate the Constitution.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary when the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

Therefore, the case is DISMISSED under 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

July 27, 2020                                    s/ *Damon R. Leichty*
                                                Judge, United States District Court